## T. H. GUNTER'S ADM'R, ET AL., *v.* W. D. WOOD.

**Master Commissioner—Liability on Bond.**

> Under the provisions of the act of 1867 a master commissioner is ex officio the receiver of the court, and the sureties on his bond as commissioner are liable for the monies coming to his hands as receiver.

### APPEAL FROM HARDIN CIRCUIT COURT.

April 15, 1876.

OPINION BY JUDGE PRYOR:

By the provisions of the act of 1867 the master commissioner is ex officio the receiver of the court. Upon taking the oath prescribed by law and entering into bond he is authorized to enter on the duties of his office. The order appointing Gunter the commissioner and receiver of the court, and the execution of the bond by him as commissioner, made his surety liable for the moneys that came to his hands as receiver. The order making him commissioner and receiver invested him with no other rights than could have been executed by him as commissioner, and no separate or additional bond as receiver was required. His appointment as commissioner clothed him with all the powers and imposed on him all the duties of a receiver, and it was wholly unnecessary to have recited in the order that he was appointed receiver as well as commissioner.

The provisions of the code of practice required the appointment of a receiver in every action when moneys were to be collected and held subject to the order of the court, and a bond from this special commissioner or receiver in each particular case when such an order became necessary. To obviate this inconvenience often resulting in loss to parties litigant by reason of the failure of the court to take a bond, the act of 1867 was passed making every master commissioner in chancery also ex officio receiver of the court. If this was not the intention of the legislature it would still be necessary in every case when money is to be collected or a fund retained subject to the result of the litigation, to have a special receiver appointed and a bond executed, and with condition of the law, we see no necessity for the enactment of the law of 1867.

The provisions of the code of practice are so far modified as that the commissioner is substituted as this special receiver where he is ordered to take charge of money or property and hold it at the will of the court, and is liable, if in default, on his general bond executed as commissioner. This receiver, whether a special receiver or the commissioner, being under the control of the court, may, by reason

of Sec. 132, Civil Code, when ordered so to do, bring and defend actions, collect debts, etc. This power was conferred on the receiver in the present case, and his right to maintain the action is unquestioned. The bond is conditioned for the faithful discharge of his office as commissioner, and that he will pay over in due time to the proper person any money received by him as master commissioner. This bond binds the principal and sureties until the commissioner's term of office expires. The commissioner holds his office for four years subject to be removed by the court. The provisions requiring the execution of a bond every two years is merely directory, and if not required by the court the sureties in the first bond remain liable until a new bond is executed. It is the renewal of the bond within the time that releases the sureties in the first bond, and not the failure to do so. The proof, we think, is sufficient to show that Gunter collected the money.

Judgment *affirmed*. Judge Cofer not sitting.

*Brown & Chelf, C. G. Wintersmith, for appellants.*

*Hays & Murrya, for appellee.*